**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN K. WHITE,**<br><br>    Plaintiff,<br><br>    v.<br><br>**VYDIA, INC., MUSIC DISTRIBUTIONS COMPANIES,**<br><br>    Defendant. | Civil Action No. 22-02716 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

  This matter comes before the Court upon Defendant Vydia, Inc.'s ("Vydia") Motion to Dismiss under Rule 12(b)(4)–(6). (ECF No. 18.) Alongside the Motion, Vydia submitted a Memorandum in Support. ("Moving Br.," ECF No. 19.) Additionally, Vydia submitted Declarations of Support by Jared Leibowitz and Brett Van Benthysen. (ECF Nos. 20-21.)

  Pro Se Plaintiff Brian K. White ("Pro Se Plaintiff") filed an Opposition in three parts, which—given his pro se status—the Court considers together ("Opp'n Br.," ECF No. 22, ECF No. 23, ECF No. 24), and Vydia filed a filed a Reply. (ECF No. 29.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, Vydia's Motion will be GRANTED.

I.     **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff is a music producer, composer, studio engineer, videographer, and uses the following alias names: Amir Beats, Brian Psalms, and DJ Coldblooded. (ECF No. 1., Compl. ¶ 1.) Under these names, Plaintiff releases albums for artists as well as himself. (*Id.*) Plaintiff has his own label titled Pype Dreams Entertainment and provides recording services for people at his New Jersey apartment. (*Id.*) Plaintiff recorded two songs and owns the copyrights to each song. (*Id.* ¶ 2.) The songs are titled "Don't Sleep on Me" (also referred to as "Don't Sleep") and "Make You Proud." (*Id.*) Each song appears on his album mixtape titled "Tough Nut to Crack." (*Id.*)

On May 9, 2022, Plaintiff filed a Complaint. (ECF No. 1.) The Complaint alleges that "Vydia Inc, Music Distribution Companies" ("Defendant"), without authorization or consent, used Plaintiff's songs, "Don't Sleep" and "Make You Proud", violating his registered copyrights. (*Id.* at Page ID 5.)[2]

On June 1, 2022, the Court granted Plaintiff's application to proceed in *forma pauperis* and instructed the U.S Marshal Service to serve a copy of the Complaint, Summons, and the June 1, 2022 Order upon the Defendant as directed by Plaintiff. (ECF No. 4.)

On June 13, 2022, the Court issued a letter to Plaintiff that instructed him to complete an enclosed USMS Form 285 for Process of Service. (ECF No. 7.) The form stated 330 Mounts Comer Dr Freehold, NJ 07728-2558 as the service address for Defendant as Plaintiff provided on the Complaint. (*See* ECF Nos. 1, 10.) On July 29, 2022, the U.S. Marshal returned proof of service. (*Id.*) The proof of service indicated that the address was for a UPS store and a UPS Store Manager, Rita Pierandozzi, accepted service on Defendant's behalf. (ECF No. 10.)

---

[1] For the purposes of this motion, the Court assumes as true the facts alleged in the Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[2] The Complaint's first two paragraphs are numbered but the remainder are not. The Complaint also lacks page numbers. The Court therefore refers to the page numbers assigned to the Complaint by the CM/ECF system.

When Defendant did not respond to the Complaint and Plaintiff failed to pursue default, the Court issued a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1(a) on September 23, 2022. (ECF No. 11.) On September 26, 2022, Plaintiff filed a letter to the Court seeking to avoid dismissal for lack of prosecution, (ECF No. 12), and the Court instructed Plaintiff to seek default against Defendant. (ECF No. 13.) Despite the Court's instruction, Plaintiff did not seek default. Instead, he filed an affidavit and two letters directed to the Court that argued the merits of his case. (ECF Nos. 14, 15, 17.) He also filed what are essentially interrogatories directed to Defendant. (ECF No. 16.) Vydia then filed the current Motion to Dismiss.

## II.    LEGAL STANDARD

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a party to file a motion to dismiss for insufficient process or insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Fed. R. Civ. P. 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Fed. R. Civ. P. 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, Civ. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). Dismissals under these rules, however, must be without prejudice. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944)).

Additionally, Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion to

dismiss, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, courts hold allegations contained in *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, (1972) (per curiam). Accordingly, courts must construe *pro se* complaints liberally. *Id*.

### III. JURISDICTION

The Court finds that it has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 given Plaintiff's claim for copyright infringement.

### IV. DISCUSSION

Vydia argues that process was insufficient because the Summons fails to name Vydia properly, state a valid address, and to state Plaintiff's address. (Moving Br. at 4–5.) Vydia also argues that the service of process does not comply with Rule 4(h)(1)(B) because the UPS Store Manager is not authorized to accept service on behalf of Vydia. (*Id*; Declaration of Jared Leibowitz filed in support of the Motion, ECF No. 2.) In short, Vydia was never properly served. (Leibowitz Declaration ¶ 3.). Vydia also argues that the Complaint should be dismissed because the Defendant named by Plaintiff does not appear to be a legal entity and because Vydia is not named as a defendant. (Moving Br. at 5; Van Bethysen Declaration ¶ 8.)

Based on the record, the Court will grant the Motion and dismiss the Complaint without prejudice for failure to name the correct defendant. Plaintiff will be given thirty (30) days to file an Amended Complaint that names "Vydia, Inc." rather than "Vydia, Inc., Music Distributions Companies" as Defendant. The Court will also instruct the Clerk's Office to send Plaintiff a copy of its form for a Motion for Pro Bono Counsel. Plaintiff is to complete the form and return it to

the Clerk's Office at the same time he files his Amended Complaint.  The Court will consider the Motion for Pro Bono Counsel for the limited purpose of assisting Plaintiff with the proper service of the anticipated Amended Complaint.

**CONCLUSION**

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss. An appropriate Order will follow.


Date: **May 26, 2023**

                                                  s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**